IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>2006 RANGE ROVER SPORT HSE,<br>VIN: SALSF25486A993483,<br>LICENSE NO. 6DSL343,<br><br>　　　　　　Defendant. | 1:09-CV-00171-OWW-GSA<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S *EX PARTE* APPLICATION FOR DEFAULT JUDGMENT**<br><br>(Document 22) |

**INTRODUCTION**

In this civil forfeiture action, Plaintiff United States of America ("Government") seeks:

1. Default judgment against the interests of Maria Horta, Christian Horta, and Rafael Horta in a 2006 Range Rover Sport HSE, VIN SALSF25486A993483, License No. 6DSL343 ("Defendant Property");

2. Entry of a final forfeiture judgment to vest in the Government all right, title and interest in the Defendant Property.

This Court considered the Government's default and final forfeiture judgment motion on the record and without oral argument on the now vacated September 4, 2009 hearing, pursuant to this Court's Local Rule 78-230(h) and A-540(d). For the reasons discussed below, this Court RECOMMENDS to:

1. GRANT the Government default judgment and to ENTER final forfeiture judgment to vest in the Government all right, title and interest in the Defendant Property; and
2. ORDER the Government, within ten (10) days of service of an order adopting these findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with these findings and recommendations.

## FACTUAL BACKGROUND[1]

*Seizure of Defendant Property*

On August 6, 2008, a Fresno Police Department ("FPD") Major Narcotics officer spoke with a confidential reliable source (hereafter "informant"), who informed the officer that s/he had spoken with a female subject that s/he suspected to be involved in the sales of large quantities of marijuana. The female subject was later identified as Maria Horta. Maria had quoted the informant a price $1,500.00 per pound.

The FPD officer met with the informant on August 7, 2008, and pursuant to direction, the informant called Maria Horta and advised that s/he and the officer - whom was now acting in an undercover capacity - were in the area of Herndon Avenue and Golden State Boulevard in Fresno and wished to meet and discuss a transaction. At about 10:00 a.m., while the officer waited inside the Yukon Jacks restaurant, the informant waited outside. At about 10:13 a.m., Maria Horta and a male subject later identified as Rafael Horta arrived at the restaurant. Vehicle surveillance units observed Maria and Rafael entered the restaurant and sit down next to the officer. In response to an inquiry regarding how he wished to complete the transaction, Rafael asked the officer how he intended to transport the marijuana, and further advised that it would not all fit in one vehicle.

At 10:30 a.m., the parties left the restaurant, with Rafael advising that the transaction would be completed at the Horta residence. Rafael instructed the officer to enter a vehicle; once inside, Rafael pointed to a gray bag containing two pounds of marijuana. He told the officer to open the bag and "take

---

[1] The facts are taken primarily from the Government's application at pages 2 through 3, and from this Court's records.

a good look." The marijuana was wrapped in clear plastic. The officer advised Rafael that he would send the informant with Rafael, and then would bring the money to Rafael's home.

About thirty minutes later, surveillance units observed Maria Horta arrive at 24740 Gardenia Drive in Madera. At 11:10 a.m., the officer and a detective with the FPD led a "take-down team" to the Horta residence on Gardenia Drive. Rafael Horta was standing in front of the residence talking to the informant and was ordered to the ground and handcuffed. A search of the entertainment room in the residence yielded two large boxes containing marijuana. Additionally, two pounds of marijuana in a silver bag, two small bottles containing marijuana, and approximately $2,500 in United States currency, were found in Christian Horta's bedroom, the adult son of Rafael and Maria Horta.

Later, in a statement to law enforcement, Rafael Horta indicated that he owned Horta Trucking, and had for the past seven hears. The trucking company consists of one refrigerated tractor trailer and is operated out of the Horta residence. Rafael estimated a combined gross income for he and Maria of $150,000.00 in 2007, and indicated that the mortgage on the Gardenia Drive residence was about $375,000.00.

The Hortas' 2007 tax returns indicate the family's sole source of income is Horta Trucking. After business expenses, Horta Trucking earned $20,940.00, a sum significantly less than the sum reported to law enforcement.

***The Government's Claims***

On January 27, 2009, the Government filed its complaint for forfeiture in rem to claim: (1) that the Defendant Property is subject to forfeiture to the Government under Title 21 of the United States Code section 881(a)(6) in that the vehicle constitutes moneys or other things of value furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange and/or were used or intended to be used to facilitate one or more violations of Title 21 of the United States Code section 841, *et seq.* (Doc. 1.)

On February 4, 2009, based upon the allegations set forth in the Complaint (Doc. 1), the Clerk of the Court issued a Warrant for Arrest of Articles *In Rem* for the Defendant Property (Doc. 5). The warrant was executed on February 18, 2009. (*See* Doc. 7.)

//

1 | *Notice of Forfeiture Action*

2  On February 4, 2009, this Court authorized publication of the forfeiture action via the internet forfeiture website at www.forfeiture.gov for at least thirty (30) days.  (Doc. 4.)  On April 14, 2009, the Government filed its Declaration of Publication.  (Doc. 11.)  On August 14, 2009, the Government filed its Amended Declaration of Publication.  (Doc. 21.)[2]

 On February 5, 2009, copies of the complaint, arrest warrant, publication order and other related papers were served via United States Mail to Maria, Christian and Rafael Horta, at their last known address located at 24740 Gardenia Drive in Madera, California.  (Doc. 22 at 4, ¶¶ 1-3.)

 On February 18, 2009, the Government personally served Maria Horta with copies of the complaint, arrest warrant, publication order and other papers related to this action.  (Doc. 8; *see also* Doc. 22 at 4, ¶ 4.)

 On February 19, 2009, the Government personally served Christian Horta with copies of the complaint, arrest warrant, publication order and other papers related to this action.  (Doc. 9; *see also* Doc. 22 at 4, ¶ 5.)

 On March 2, 2009, the Government personally served Rafael Horta with copies of the complaint, arrest warrant, publication order and other papers related to this action.  (Doc. 10; *see also* Doc. 22 at 4, ¶ 6.)

*Default Entries*

 At the Government's request, the Clerk of the Court entered defaults in this action as to Maria, Rafael and Christian Horta on April 17, 2009.  (Docs. 15-17.)

//
//
//
//
//

---

[2] Notice of the forfeiture action in this matter was published for the period between February 20 and March 21, 2009.  (Docs. 11 & 21.)

# DISCUSSION

## *Sufficiency of the Complaint*

The Government contends that the allegations set forth in the Verified Complaint for Forfeiture *In Rem* and the facts cited "provide ample grounds" for forfeiture of the Defendant Property. A complaint's sufficiency is a factor to consider when deciding whether to grant default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986). Title 21 of the United States Code section 881(a)(6) provides for the forfeiture of moneys or others things of value that are furnished or intended to be furnished by any person in exchange for a controlled substance, that constitutes proceeds traceable to such an exchange, or that is used or intended to be used to facilitate any violation of the laws governing controlled substances.

In its Verified Complaint, the Government alleges that the Defendant Property constitutes money or other things of value furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange and/or were used or intended to be used to facilitate one or more of the laws governing controlled substances, and is therefore subject to forfeiture. (Doc. 1 at 6.)

As referenced above and set forth in the Verified Complaint, the execution of a state search warrant at the Horta residence on Gardenia Drive in Madera, California, resulted in the seizure of the vehicle at issue here, a .45 caliber handgun and marijuana. (*See also* Doc. 22 at 5.)

The complaint meets the requirements of Supplemental Rule G. It is verified, states the grounds for subject matter jurisdiction, *in rem* jurisdiction, and venue, describes the property seized and the circumstances surrounding the seizure, and identifies the relevant statutes. (*See* Doc. 1.) In the absence of assertion of interests in the Defendant Property, this Court is not in a position to question the facts supporting the forfeiture of the vehicle. The facts as alleged provide a sufficient connection between the Defendant Property - a 2006 Range Rover Sport HSE - and illegal drug activity to support the forfeiture. Case law confirms the Government's position that circumstantial evidence may support the forfeiture of proceeds of a drug crime and the Government need not show a relationship between the proceeds and a specific drug transaction. *See United States v. $30,670.00*, 403 F.3d 448, 467-470 (7th Cir. 2005) (totality of circumstances demonstrated that cash hoard of airline passenger was substantially

connected to illegal drug trafficking and properly subject to forfeiture); *United States v. $242,484.00*, 389 F.3d 1149, 1160 (11th Cir. 2004) (court applied totality of circumstances to determine "more than enough cause" to believe that forty pounds of cash carried by airline passenger and alerted to by narcotics-detecting dog was the proceeds of, or traceable to, illegal drug transaction).

As the Government contends, the Hortas' 2007 tax returns reveal a gross income of $20,940.00 from Horta Trucking, which stands, as the Government contends, in "stark contrast to the annual expenditures admitted by Rafael and Maria Horta." (Doc. 22 at 5.)  In the totality, it is reasonable to determine that an annual income of approximately $21,000 does not typically lend itself to ownership of a $375,000 home and a luxury SUV.

*Notice Requirements*

The Government contends that it provided required notice for the forfeiture of the Defendant Property.  The Fifth Amendment's Due Process Clause prohibits the Government from deprivation of property without "due process of law."  Individuals whose property interests are at stake are entitled to "notice and an opportunity to be heard." *United States v. James Daniel Good Real Property*, 510 U.S. 43, 48, 114 S. Ct. 492 (1993).

### 1. Notice by Publication

Supplemental Rule G(4) sets forth the rules for publication of the notice of action in federal forfeiture proceedings.  Rule G(4)(a)(iv)(C) provides that in lieu of newspaper publication, the Government may publish notice "by posting notice on an official internet government forfeiture site for at least 30 consecutive days."  Local Admiralty and *In Rem* rules further provide that the Court shall designate by order the appropriate newspaper or other vehicle for publication.  *See* Local Rules A-530 & 83-171.

Here, pursuant to this Court's February 4, 2009, Order, the Government accomplished such notice with publication by way of the official internet government forfeiture site www.forfeiture.gov for a period of at least thirty (30) days.  (*See* Doc. 22, Magee Declaration, ¶ 11 & exhibits.)

### 2. Personal Notice

When the Government knows of an owner of defendant property, however, the owner has a constitutional right of due process to require "the Government to make a greater effort to give him

notice than otherwise would be mandated by [publication]." *United States v. Real Property*, 135 F.3d 1312, 1315 (9th Cir. 1998). For such persons, the Government must attempt to provide actual notice by means "'reasonably calculated under all circumstances' to apprise [the person] of the pendency of the cash forfeiture[.]" *Dusenberry v. United States*, 534 U.S. 161, 168, 122 S. Ct. 694 (2002). The Government must provide such notice "as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315, 70 S. Ct. 652 (1950). "Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice." *Mesa Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005).

Supplemental Rule G(4)(b) mirrors this requirement, providing for notice to be "sent by means reasonably calculated to reach the potential claimant." Additionally, this Court's Local Rule A-540 addresses notice to persons known to have an interest in property subject to forfeiture. The rule requires that a party seeking default judgment in an action *in rem* to show to the Court's satisfaction that due notice and arrest of the property has been given by: (1) publication; (2) by personal service on the person having custody of the property; (3) if the property is in the hands of a law enforcement officer, by personal service on the person having custody prior to its possession by law enforcement agency or officer; and (4) by personal service or certified mail, return receipt requested, to every other person who has not appeared in the action and is known to have an interest in the property; provided that failure to give actual notice to such other person may be excused upon a satisfactory showing of diligent efforts to give such notice without success. Local Rule A-540(a).

Notwithstanding the Supplemental Rules and Local Rule A-540(a), the Government provides sufficient notice if such notice complies with Federal Rule of Civil Procedure 4 requirements. *See* Fed. R. Civ. P. 4(n)(1) (when a federal statute authorizes forfeiture, "[n]otice to claimants of the property shall then be sent in the manner provided by statute or by service of a summons under this rule").

Here, the Government personally served Maria, Christian and Rafael Horta, on February 18 and 19 and March 2, 2009, respectively, with the complaint, arrest warrant, publication order and other papers regarding this action. (*See* Docs. 15-17 & Doc. 22 at 7.) The Government notes that the Defendant Property was seized from the Horta's residence and is legally registered to Christian Horta

who resided at the residence located at 24740 Gardenia Drive in Madera. Thus, Rafael Horta, Maria Horta and Christian Horta are the only claimants requiring personal service. In sum, no notice issues arise as to the Defendant Property's forfeiture.

### *Failure to File Claim or Answer*

The Government contends that this Court's clerk properly entered defaults against Maria Horta, Christian Horta, and Rafael Horta. Supplemental Rule G(5) addresses responsive pleadings in civil forfeiture actions such as this and requires a person who asserts an interest in or right against the subject property to file a claim in this court within thirty-five (35) days after the date of service of the Government's complaint or thirty (30) days after final publication of newspaper notice. Supplemental Rules G(4)(b) & G(5). Failure to comply with procedural requirements for opposing the forfeiture precludes a person from establishing standing as a party to a forfeiture action. *United States v. Real Property*, 135 F.3d at 1317.

As outlined above, the Government personally served Maria Horta, Christian Horta and Rafael Horta, with copies of the complaint, arrest warrant, publication order and other papers related to this action on February 18, February 19 and March 2, 2009, respectively. (Doc. 22 at 8.)

More than thirty days have passed since completion of publication notice and more than thirty-five days have passed since service of the complaint on Maria Horta, Christian Horta and Rafael Horta. This Court's clerk properly entered defaults upon failure of the potential claimants to respond to the Government's complaint and notices.

### *Default Judgment*

The Government seeks judgment against the interests of Maria Horta, Christian Horta and Rafael Horta, and final forfeiture judgment to vest in the Government all right, title and interest in the Defendant Property. The Supplemental Rules do not provide a procedure to seek default judgment in an action *in rem*. Supplemental Rule A provides: "The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules."

Pursuant to the Federal Rules of Civil Procedure, default entry is a prerequisite to default judgment. Federal Rules of Civil Procedure, Rule 55(a) governs entry of default: "When a party

who resided at the residence located at 24740 Gardenia Drive in Madera. Thus, Rafael Horta, Maria Horta and Christian Horta are the only claimants requiring personal service. In sum, no notice issues arise as to the Defendant Property's forfeiture.

*Failure to File Claim or Answer*

The Government contends that this Court's clerk properly entered defaults against Maria Horta, Christian Horta, and Rafael Horta. Supplemental Rule G(5) addresses responsive pleadings in civil forfeiture actions such as this and requires a person who asserts an interest in or right against the subject property to file a claim in this court within thirty-five (35) days after the date of service of the Government's complaint or thirty (30) days after final publication of newspaper notice. Supplemental Rules G(4)(b) & G(5). Failure to comply with procedural requirements for opposing the forfeiture precludes a person from establishing standing as a party to a forfeiture action. *United States v. Real Property*, 135 F.3d at 1317.

As outlined above, the Government personally served Maria Horta, Christian Horta and Rafael Horta, with copies of the complaint, arrest warrant, publication order and other papers related to this action on February 18, February 19 and March 2, 2009, respectively. (Doc. 22 at 8.)

More than thirty days have passed since completion of publication notice and more than thirty-five days have passed since service of the complaint on Maria Horta, Christian Horta and Rafael Horta. This Court's clerk properly entered defaults upon failure of the potential claimants to respond to the Government's complaint and notices.

*Default Judgment*

The Government seeks judgment against the interests of Maria Horta, Christian Horta and Rafael Horta, and final forfeiture judgment to vest in the Government all right, title and interest in the Defendant Property. The Supplemental Rules do not provide a procedure to seek default judgment in an action *in rem*. Supplemental Rule A provides: "The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules."

Pursuant to the Federal Rules of Civil Procedure, default entry is a prerequisite to default judgment. Federal Rules of Civil Procedure, Rule 55(a) governs entry of default: "When a party

against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Generally, the default entered by the clerk establishes a defendant's liability:

> Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment. The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.

*Televideo Systems, Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987) (internal citations & quotation marks omitted).

As noted above, the Government properly obtained default entries against the interests of Maria Horta, Christian Horta and Rafael Horta. There is no impediment to default judgment sought by the Government as to them. The Government properly seeks judgment against the interests of the entire world, that is, a final forfeiture judgment to vest in the Government all right, title and interest in the defendant currency. "A judgment in rem affects the interests of all persons in designated property. . . . [T]he plaintiff is seeking to secure a pre-existing claim in the subject property and to extinguish or establish the nonexistence of similar interests of particular persons." *Hanson v. Denckla*, 357 U.S. 235, 246, n.12, 78 S. Ct. 1228 (1958).

In light of the defaults, a final forfeiture judgment is in order for the Government.

## RECOMMENDATIONS AND ORDER

For the reasons discussed above, this Court RECOMMENDS to:

1.  GRANT plaintiff United States of America default judgment against the interests of Maria Horta, Christian Horta and Rafael Horta in the Defendant Property;

2.  ENTER final forfeiture judgment to vest in Plaintiff United States of America all right, title and interest in the Defendant Property; and

3.  ORDER Plaintiff United States of America, within ten (10) days of service of an order adopting the findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with the findings and recommendations and order adopting them.

//

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 72-304. Within fifteen (15) court days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 9, 2009**            **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE